UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUSTIN SHAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03962-JMS-TAB |
| | ) | |
| HIBBARD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S
UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Justin Shaul was an inmate and Defendant Jacqueline Hibbard was a guard at Pendleton Correctional Facility. One day in April 2019, Mr. Shaul asked to use the dormitory kiosk. Ms. Hibbard tried to open a door to help him, but it stuck. When Ms. Hibbard did push the door open, it struck Mr. Shaul's face and chest. Mr. Shaul has sued Ms. Hubbard for excessive force and deliberate indifference to a serious medical need, both under the Eighth Amendment. Ms. Hibbard disputes that a constitutional injury occurred and has moved for summary judgment. Mr. Shaul did not respond. Because the designated evidence is insufficient to support a claim that Officer Hibbard used excessive force against Mr. Shaul or was deliberately indifferent to his serious medical needs, the motion for summary judgment, dkt. [72], is **GRANTED.**

**I. Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois*

1

*Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. In this case, Officer Hibbard has met that burden through his unopposed motion for summary judgment.

Mr. Shaul failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). For example, the defendant's statement of material facts cites to the amended complaint. *See* dkt. 73 at p. 2-3, citing dkt. 9. However, the unverified amended complaint is not evidence and thus, statements made in the amended complaint are not considered in resolving the pending motion for summary judgment. *See James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020) ("[A] verified complaint—signed, sworn, and submitted under penalty of perjury—can be considered 'affidavit material' provided the factual allegations otherwise satisfy the affidavit criteria specified in Rule 56 of the Federal Rules of Civil Procedure and the declarant complies with 28 U.S.C. § 1746, which sets forth the requirements for verification under penalty of perjury."). Similarly, the only statement from Ms. Hibbard is in an unverified email. Dkt. 72-3.

2

This email, presumably to defense counsel, is not evidence and cannot be considered in resolving the motion for summary judgment. "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II. Undisputed Facts

Plaintiff Justin Shaul is an Indiana prisoner incarcerated at Pendleton Correctional Facility. Dkt. 33-1, ¶ 3.

On April 27, 2019, Mr. Shaul filed an informal grievance seeking an Interview with Ms. Hibbard regarding the incident. Dkt. 72-1. He wrote that he tried to use the kiosk "at which point [Ms. Hibbard] aggressively hit me in the face with the door." Dkt. 72-1 at p. 3.

On May 10, 2019, Mr. Shaul filed a grievance stating that on April 27, 2019:

> Mrs. Hibbard was on shift around 7 or 8 p.m. I asked her if I could use the kiosk in the hallway. Mrs. Hibbard tried to open the door having trouble with it because it jams. I tried to assist her at which point she snatched the door back and started cursing at me. Then she forcefully pushed the door open striking me in the mouth and chest.

Dkt. 72-1 at p. 2.

Mr. Shaul did not seek out medical treatment in April or May 2019 in relation to his allegations that Ms. Hibbard slammed the door on his face and chest. Dkt. 72-2 (medical records).

## III. Discussion

"The Eighth Amendment forbids the imposition of 'cruel and unusual punishments' against persons convicted of crimes." *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). Mr. Shaul asserts two Eighth Amendment claims. He alleges that Ms. Hibbard used excessive force in opening the door and that she was deliberately indifferent to his resulting injuries. For the reasons

explained below, the meager designated evidence in this case is insufficient to allow a reasonable jury to find an Eighth Amendment violation. In the absence of evidence to support Mr. Shaul's claims, Ms. Hibbard is entitled to judgment as a matter of law. *See Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 461 (7th Cir. 2020) (concluding summary judgment appropriate given dearth of evidence).

### A. Excessive Force

Mr. Shaul alleges that Mrs. Hibbard used excessive force in violation of the Eighth Amendment. When prison officials are accused of using excessive force, the key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). To determine whether force was applied in good faith, courts consider several factors, "including the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate." *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004); *see also McCottrell*, 933 F.3d at 663 (listing factors). In addition, "the Eighth Amendment's prohibition against cruel and unusual punishments excludes from constitutional recognition *de minimis* uses of force that are not of the kind that would be 'repugnant to the conscience of mankind.'" *McCottrell*, 933 F.3d at 664 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, (1976)).

The undisputed evidence reflects that Ms. Hibbard's was trying to open a jammed access door to allow Mr. Shaul access to the kiosk in the hallway. When the access door would not open, Ms. Hibbard aggressively forced the door opened. There was a need to open the door to permit Mr. Shaul access to the hallway kiosk, and the designated evidence does not reflect that Ms. Hibbard used more force than necessary to open the jammed access door. Further, there is no

evidence that Ms. Hibbard believed that forcing the door open would injury Mr. Shaul, and although the evidence reflects that Mr. Shaul was hit in the chest, face, and mouth with the door there is no evidence that the door caused anything more than *de minimis* injury. To the contrary, the designated medical records reflect that Mr. Shaul did not seek medical treatment for any injury. No reasonable jury could find based on this scant evidence that Ms. Hibbard used excessive force against Mr. Shaul.

### B. Access to Medical Care

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle*, 429 U.S. at 103). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

To survive summary judgment, Mr. Shaul must have evidence that Ms. Hibbard acted with deliberate indifference—that is, that she consciously disregarded a serious risk to his health. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Deliberate indifference requires more than negligence or even objective recklessness. *Id*. Mr. Shaul "must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Id*.

In this case there is no evidence that the door's impact injured Mr. Shaul or resulted in a serious medical need that required medical attention. In the absence of any evidence of a serious

medical need or deliberate indifference, Ms. Hibbard is entitled to judgment as a matter of law.

## IV. Conclusion

The defendant's unopposed motion for summary judgment, dkt. [72], is **GRANTED.** Judgment consistent with this Order and the summary judgment order of February 17, 2021, dkt. [63], shall now issue.

**IT IS SO ORDERED.**

Date: 4/7/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JUSTIN SHAUL
251507
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov